O’NIELL, Chief Justice.
 

 The appellant was convicted of the crime of having stolen property in his possession,
 
 *138
 
 knowing that it was stolen. He relies upon two bills of exception.
 

 The first bill has reference to the opening statement made by the district attorney to the jury. The objection was that the district attorney said that he intended to prove that a deputy sheriff found in the defendant’s home “dresses, trousers and shoes” which were stolen from a railroad company; the indictment charging only that the defendant had in his possession 48 pairs of shoes which he knew were stolen from the railroad company.
 

 In his opening statement to the jury, a district attorney should refer, of course, only to facts which are relevant to the accusation against the defendant; and, as a general rule, evidence tending to prove that the defendant committed another crime than that for which he is on trial is irrelevant and inadmissible. But there are exceptions to the rule, and, when the evidence falls within an exception to the rule, it is admissible, notwithstanding its prejudicial effect. There is nothing in this record to show that the evidence that the defendant had stolen dresses' and trousers in his possession, as well as the 48 pairs of stolen shoes, all of which property was stolen from the same party, was inadmissible. On the contrary, the defendant admitted in his confession, which is in the record, that the party who bróught him the 48 pairs of shoes brought also 6 or 7 dresses. As to the trousers, an objection was made to the testimony of the deputy sheriff that he found the trousers and other stolen property on the defendant’s premises, on the day after he found the 48 pairs of shoes; but the bill of exceptions which was reserved to the .overruling of that objection was expressly and formally abandoned. Our opinion, therefore, is that there 4s not now, if in fact there ever was, any just cause for complaint of the district attorney’s referring to dresses and trousers, along with the 48 pairs of shoes, in his opening statement to the jury. When the objection was made, the judge instructed the jury that the statement of the district attorney was not to be considered as evidence in the case.
 

 The second bill of exceptions was reserved to the overruling of an objection to the offering of a typewritten confession in evidence. Before the document was offered, the Sheriff, as a witness for the state, identified the confession as the statement which the defendant made in his presence, and which was taken down in shorthand by a stenogra- . pher. The objection made to the offering of the document in evidence was that the sheriff was not the one who wrote the document. It does not bear the signature of the sheriff, but does bear the signature of three others who signed as witnesses to the signature of the defendant. It is argued in the brief for the defendant that the testimony of the sheriff was not admissible to identify the confession, because no attempt was made to have one of the subscribing witnesses to identify it. That objection was not made during the trial. If it had been made, and if the judge had considered it well founded, perhaps the district attorney would have called one of the subscribing witnesses to identify the confession. Conceding, for the sake of argument only, that the rule of evidence which requires the best evidence to be offered might have been applicable to the objection which
 
 *140
 
 we are now considering, our opinion is that the testimony of the sheriff was admissible to identify the confession which was offered in evidence, as being the same that was made in his presence. It was not contended during the trial, and is not contended now, that the confession was not a free or voluntary cpnfession.
 

 The verdict and sentence are affirmed.